Andrew S. Vanhorn, Appellant, v. James A. Walker, Administrator, Respondent.

Kansas City Court of Appeals, June 6, 1887.

1. Assignment of Heir's Interest in Estate — Rights of Assignee — Case Adjudged.—Where one acquired the interest of one of the heirs in an estate, by assignment, he stands, in relation to the estate, as the heir would if he had not assigned; and if the matter complained of was done at the request of the assignor, and of the other heirs, and the assignee has the benefit of the results, he cannot complain of it afterwards.

2. Practice — Weight of Testimony.—This court will not examine into the weight of the testimony, nor disturb a verdict for being against it.

Appeal from Livingston Circuit Court, Hon. James M. Davis, Judge.

*Affirmed.*

The case is stated in the opinion.

L. T. Collier, for the appellant.

I. The circuit court erred in overruling appellant's objections to the final settlement, as to the following items of credit claimed by the administrator : (1) The item of sixty dollars for taking care of the estate. (2) The item of $25.35 for services in renting real estate and collecting rents. (3) The item of $18.45, payment for insurance. (4) The items of "$18.40" and "36.40" for sundries. (5) The item of two hundred and fifty dollars paid in purchase of widow's interest in the estate. (6) The item of one hundred dollars paid Wright, attorney, for services in making compromise.

II. The court below further erred in refusing to give instruction numbered four, as asked by appellant, and giving the same in a modified form. In support of

the foregoing propositions, the attention of the court is called to the following authorities : *Shaw v. Nicholay,* 30 Mo. 100 ; *Bompart's Adm'r v. Lucas,* 21 Mo. 601 ; *Butler v. Lawson,* 72 Mo. 227 ; *State to use v. Roeper,* 82 Mo. 57 ; *North v. Priest,* 81 Mo. 561 ; *Stagg v. Linnenfelser,* 59 Mo. 341 ; *Chandler v. Stevenson,* 68 Mo. 451 ; *Tyler et al., v. Larimore,* 19 Mo. App. 445. As to collection of rents : *Scudder v. Ames,* 89 Mo. 511.

T. H. KEMP, for the respondent.

I. Under the record in this case the court committed no error in its findings. The circuit court committed no error in refusing instruction numbered four, as asked by appellant, and modifying the same and giving as modified by the court. *Gambrell Heirs v. Gibson, Adm'r,* 59 Mo. We deny the right of assignee to institute and maintain this suit, because he has shown no assignment in writing. Rev. Stat. 1879, sect. 3462.

II. This case presents a marked and peculiar condition of record and facts in this : It shows all creditors paid and all the heirs at law sold out, and this suit instituted and prosecuted by an assignee, who comes into all his relations to this estate as a speculator. It also shows that long prior to his obtaining any interest in the estate, he was fully advised of the condition of the administration, of all the items allowed in the administrator's annual settlements, and bought with this knowledge, and by the proofs shown by the facts and circumstances, bought at such a sum as conceded the rightfulness of what the administrator had done. This being so, he is estopped from disputing the rightfulness of the settlements. He actually directed the administrator to contest the claims assigned to Malloy, by suit in circuit court of Livingston county, and employed his counsel in this case to appear and aid in defence of said suit. This act certainly estops appellant from contesting the allowance made the administrator for costs, etc., in that case.

III. Appellant is a professed assignee, and does

not show how he is such by any paper filed in the case, nor by any evidence produced at the trial. This he was bound to do. *Smith v. Dean*, 19 Mo. 63; *Dyer v. Kroyer*, 37 Mo. 603.

ELLISON, J.—Plaintiff is the assignee of the interests of the heirs of W. T. Guthrie, deceased, in his estate. He objects to the final settlement of defendant as administrator of the estate. His objections were sustained in the probate court, when the administrator appealed to the circuit court. In the latter court only a portion of his objections were sustained, and he brings the case here.

All of the instructions asked by plaintiff were given, except the one numbered four, which was given with an addition thereto by the court. No instructions were asked by defendant. Instruction numbered four is as follows; the part added by the court is in italics:

"4. That the administrator, Walker, had no authority in law to compromise the widow's dower interest in personal and real estate of said deceased, by the payment of two hundred and fifty dollars, or other sum, nor to pay said counsel two hundred and twenty-five dollars, or other sum, by reason of any services rendered by them in bringing about said compromise, and such payments should be stricken out of said final settlement, *unless the court finds that said compromise and purchase of the homestead and dower interest of the widow was purchased and counsel employed at the request of the heirs, and that the present objector is now enjoying and holding the fruits of said purchase and employment.*"

This plaintiff stands in relation to this case just as the heirs would have stood, had they not assigned, and were plaintiffs in this action. It is evident that if the administrator made the compromise at the instigation and request of the heirs, they could not be heard to complain of it afterwards. So, neither can their assignee,

who, at the time of his objection, is occupying their place and enjoying the result of the compromise. The original instruction being asked by the appellant is not objected to, nor is it considered, but, being given, the modification was properly added under the circumstances of this case.

As the other instructions asked by plaintiff were given, we will not examine into the weight of the testimony. We cannot, under the rules so frequently laid down by this and the Supreme Court, disturb the verdict.

The judgment is affirmed. All concur.